Mr. Larry L. Page Christian Civic Action Committee c/o Christian Civic Foundation Post Office Box 193256 Little Rock, Arkansas 72219-3256
Dear Mr. Page:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT TO PROHIBIT GAMBLING ON CONTESTS OR GAMES OF CHANCE OR SKILL AND SPECIFICALLY PROHIBITING GAMBLING ON HORSE RACING AND DOG RACING
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT NO GAMBLING ON CONTESTS OR GAMES OF CHANCE OR SKILL SHALL BE AUTHORIZED BY THIS STATE, NOR SHALL SUCH GAMBLING BE ALLOWED; PROVIDING THAT THIS PROHIBITION INCLUDES BUT IS NOT LIMITED TO GAMBLING ON HORSE RACES AND DOG RACES; REPEALING AMENDMENT 46 TO THE ARKANSAS CONSTITUTION, WHICH HAD AUTHORIZED HORSE RACING AND PARI-MUTUEL WAGERING IN HOT SPRINGS AND HAD AUTHORIZED THE LEGISLATURE TO REGULATE THAT RACING AND WAGERING; PROVIDING THAT NOTHING IN THE AMENDMENT SHALL BE CONSTRUED TO CHANGE ARKANSAS LAW PERMITTING FUNDRAISING ACTIVITIES IN WHICH PRIZES ARE AWARDED AND DONATIONS ARE ACCEPTED BUT NOT REQUIRED; AND PROVIDING THAT NOTHING IN THE AMENDMENT SHALL BE CONSTRUED TO CHANGE ARKANSAS LAW PERMITTING THE AWARD OF PRIZES TO WINNERS OF NON-GAMBLING CONTESTS IN WHICH AN ENTRY FEE IS CHARGED TO PARTICIPANTS.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
The statute neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)), else voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee, v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, I conclude that the popular name submitted is sufficient, and it is hereby approved as submitted. In my opinion, however, the ballot title submitted might be subject to misinterpretation with respect to the legal status of Ark. Const. amend. 46 at the time of the election and the substantive provisions of Ark. Const. amend. 46. The proposed ballot title is therefore rejected and the following substituted in its place:
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT NO GAMBLING ON CONTESTS OR GAMES OF CHANCE OR SKILL SHALL BE AUTHORIZED BY THIS STATE, NOR SHALL SUCH GAMBLING BE ALLOWED; PROVIDING THAT THIS PROHIBITION INCLUDES BUT IS NOT LIMITED TO GAMBLING ON HORSE RACES AND DOG RACES; REPEALING AMENDMENT 46 TO THE ARKANSAS CONSTITUTION, WHICH CURRENTLY AUTHORIZES HORSE RACING AND PARI-MUTUEL WAGERING THEREON IN HOT SPRINGS AND REQUIRES THE LEGISLATURE TO REGULATE THAT RACING AND WAGERING; PROVIDING THAT NOTHING IN THE AMENDMENT SHALL BE CONSTRUED TO CHANGE ARKANSAS LAW PERMITTING FUNDRAISING ACTIVITIES IN WHICH PRIZES ARE AWARDED AND DONATIONS ARE ACCEPTED BUT NOT REQUIRED; AND PROVIDING THAT NOTHING IN THE AMENDMENT SHALL BE CONSTRUED TO CHANGE ARKANSAS LAW PERMITTING THE AWARD OF PRIZES TO WINNERS OF NON-GAMBLING CONTESTS IN WHICH AN ENTRY FEE IS CHARGED TO PARTICIPANTS.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General